**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1085-24

ABRAHAM RIVERA,

      Petitioner-Appellant,

v.

NEW JERSEY DEPARTMENT OF
HUMAN SERVICES, DIVISION
OF FAMILY DEVELOPMENT,

      Respondent-Respondent.

_____

Submitted May 28, 2026 – Decided August 13, 2026

Before Judges Currier and Berdote Byrne.

On appeal from the New Jersey Department of Human Services, Division of Family Development, Case ID CS21408944C.

Abraham Rivera, self-represented appellant.

Jennifer Davenport, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Laura N. Morson, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner appeals from respondent's October 30, 2024 final determination denying his challenge to the enforcement of a child support levy against the proceeds of an insurance settlement. We affirm.

In 2019, the Passaic County Family Division (PCFD) ordered petitioner to pay $417 weekly as child support and/or arrears payments for his two children. On August 20, 2024, the PCFD entered an order reflecting petitioner owed $83,740.27 in outstanding child support arrears.[1]

In September 2024, respondent informed petitioner of his current outstanding child support obligation of $84,117.27, that it had placed a levy with the California State Automobile Association General Insurance Company (CSAA) upon forthcoming insurance settlement assets and that petitioner had a right to contest the levy. Respondent also notified CSAA of the levy and directed it to "withhold delivery or distribution of all funds from a judgment, settlement or award" due to petitioner.

Petitioner responded, stating that he was "not the entity/legal person[] who owes the alleged debt." Petitioner attached an affidavit in which he declared his "freeman status" as a "stateless non-legal entity." Petitioner wrote on the notice

---

[1] As of January 8, 2026, petitioner owed child support arrears in the amount of $111,386.27.

A-1085-24

that he "[r]efused [same] for cause" and that the "instrument" was "dishonored" and faxed it back to respondent.

Respondent acknowledged petitioner's challenge to the levy and requested petitioner provide additional information, specifically, (1) proof of court filing or order addressing emancipation, termination or custody, and (2) proof no arrears were owed and/or proof of a filed motion addressing the arrears owed.

Petitioner provided a document entitled "Written Objection to Civil Action Order," in which he repeated his "freeman status" and claimed to be "exempt from service and the jurisdiction of another." Petitioner also provided a copy of the Passaic County Probation Division, Child Support Enforcement's "Notice of Intent to Request Issuance of Bench Warrant" and his response written on the document, again stating he "refused [the document] for cause" and that the "instrument" was "dishonored."

After reviewing petitioner's submissions, respondent issued the October 30, 2024 final determination, denying the challenge to the withholding of insurance proceeds and enforcing the child support levy.

On appeal, petitioner asserts respondent lacked jurisdiction to enforce the child support obligation and the levy violates his due process rights. Petitioner does not contest he has an unsatisfied child support obligation.

A-1085-24

We review an agency decision under an arbitrary and capricious standard. Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475 (2019). "An agency's determination on the merits 'will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Saccone v. Bd. of Trs. of Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). The party challenging the administrative action bears the burden of making that showing. Lavezzi v. State, 219 N.J. 163, 171 (2014).

A reviewing court is not, however, bound by an agency's interpretation of a statute or its determination of a strictly legal issue outside its charge. Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 158 (2018).

After careful review, we are satisfied petitioner has not presented a meritorious argument that respondent's final determination was arbitrary, capricious or unreasonable.

N.J.A.C. 10:110-1.3(b)(5), -5.3, charges respondent with the "[c]ollection and disbursement of child support payments," and grants it the administrative enforcement power to collect past due payments.

N.J.S.A. 2A:17-56.53 provides that

4

[s]ubject to safeguards on privacy and information security . . . and appropriate procedural due process requirements including, as appropriate, notice, the opportunity to contest and notice of the right to appeal to the court, [respondent] is authorized to take the following actions relating . . . to the establishment, modification or enforcement of support orders, without the necessity of obtaining an order from the court, and to recognize and enforce the authority of state agencies of other states to take the following actions:

. . . .

g. Secure assets to satisfy arrearages by: (1) intercepting or seizing periodic or lump sum payments from: . . . judgments, settlements and awards . . . .

Petitioner was afforded notice and the opportunity to contest the child support levy, which he did. His constitutional due process rights were not violated. Respondent had the authority and the power to collect outstanding child support arrears from petitioner in the form of an insurance settlement from CSAA. Respondent's final determination is not arbitrary nor capricious and is supported by the credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

5

A-1085-24